JANUARY TERM, 1884, NO. 369.          MARCH 12, 1884.

# The Susquehanna Mutual Fire Insurance Company *v.* Staats.

# Appeal of The Susquehanna Mutual Fire Insurance Company.

1. Where the by-laws of a mutual insurance company provide that whenever an assessment is levied, notice shall be given to the policy holder of the amount due and the time of payment, the absence of notices of assessments is fatal to an action for their recovery.

2. A foreign attachment issued for the purpose of recovering the assessment is not a substitute for the notice.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Northampton County.*

Amicable action in assumpsit by The Susquehanna Mutual Fire Insurance Company against John H. Staats.

Also a *certiorari* to the court of common pleas of Northampton county on appeal from the decree of the court distributing the fund paid into court under a *fi. fa.* issued by John H. Staats to use of Edward J. Fox against The Susquehanna Mutual Fire Insurance Company.

[The Susquehanna Mutual Fire Insurance Company *v.* Staats.]

The parties to the amicable action· filed an agreement in writing, submitting said action to the decision of the court, and dispensing with a trial by jury under act 22d April, 1874, § 1 and 2.

The court below, MEYERS. P. J., found, *inter alia*, the following facts:

The property of John H. Staats was insured in the Susquehanna Mutual Fire Insurance Company by a policy of insurance running for five years from October 2, 1876. He signed and delivered, at the time of his application, a premium note, as follows:

"$1,237 50. For value received in policy, No. ——, issued by the Susquehanna Mutual Fire Insurance Company, I promise to pay to said company, for the time being, the sum of $1,237 50 in such portions and at such times as the directors of said company may, agreeably to the act of Assembly governing insurance companies, with the various supplements thereto, and the by-laws of the company, require.

"Dated the 30th day of September, 1876.

"JOHN H. STAATS.

"Witness: HUGH WILLIAMS."

On April 16, 1877, the property so insured was destroyed by fire, and recovery on the policy was resisted by the company on the ground of false warranties, over-valuation, and the failure to furnish particulars of loss. Judgment was, however, recovered against the company in the court below on July 6, 1882, for $2,534 45, and was affirmed in the Supreme Court March 28, 1883.

Upon the premium note given by Staats, the company levied ten assessments for losses occurring during the term of the policy, beginning July 13, 1877, and ending December 3, 1884, amounting to $1,159 12.

To recover the amount of these assessments, a writ of foreign attachment at the suit of the insurance company against Staats was issued out of the court of common pleas of Dauphin county on April 27, 1883, and the money due upon Staats' judgment was attached in the hands of the said company, whose principal office is at Harrisburg.

On September 11, 1883, the said insurance company presented a petition to the court, setting forth the recovery of judgment by Staats against the company, the issuing of the writ of foreign attachment, and the service on the company as garnishee, and the issuing of a *fi. fa.* by Staats on his judgment. Whereupon, the Court ordered the sheriff to continue the sale under the *fi. fa.* to October 6, 1883, and gave the company leave, at or before that

time, to pay into court the amount of the damages and costs called for by said *fi. fa.*, and in default thereof, the sale to proceed ; and that if the money should be paid into court, the same should be subject to the order of the court.

October 3, 1883, the company paid into court $2,788 58, there to abide the further orders of the Court for distribution. The Court ordered that the *fi. fa.* be stayed ; that the disputed question under the attachment be first disposed of ; and that the money be awarded and divided as thereafter decreed.

The by-laws of the company provided that "whenever an assessment has been levied, the secretary shall, as soon as practicable, give written or printed notice to each and every policy-holder, by mail or otherwise, advising him, her, or them of the amount due by them, and the time when payment must be made."

"That the secretary shall make and collect all assessments, and fix a day certain, on or before which all assessments must be paid, if the policy shall remain valid."

No day was fixed by the secretary on or before which the several assessments against Staats must be paid, and no written or printed notice was given as required by the by-laws.

The opinion of the Court upon these facts was as follows :

*First.* "The Court having found as a fact that an assessment having been duly made by the corporation plaintiff on the premium note of the defendant for losses which occurred during the term of the policy of insurance No. 1016, issued by the said corporation plaintiff to defendant, the fact that said assessments were made after the destruction of defendant's building by fire would not in itself defeat the plaintiff from recovering in this action."

*Second.* ["The Court having found as a fact that no notice was given to the defendant, as required by the fifth paragraph of the thirty-first section of the by-laws of the corporation plaintiff, of the assessments which had been levied on defendant's premium note, and set forth in paragraph eight aforesaid ; the amount due by the defendant, and the time payment must be made ; there is no liability on the part of the defendant to pay said assessment, and consequently no right of action was in the corporation plaintiff to recover the amount of said assessments at the time the aforesaid amicable action was entered into, or when the said corporation plaintiff issued its writ of foreign attachment against the defendant, and the corpora-

[The Susquehanna Mutual Fire Insurance Company *v.* Staats.]

tion plaintiff as garnishee in the court of common pleas of Dauphin county."]

*Third.* ["The Court having found as a fact that some of the defenses set up on the trial of the action No. 28, February term, 1878, brought by the defendant against the corporation on the policy of insurance No. 1016 to recover damages for loss by fire, were that said policy of insurance had been forfeited and was void, on the grounds set forth in paragraph thirteen aforesaid, the corporation plaintiff is estopped from alleging in this action that the said contract of insurance was valid and binding, and it could not afterwards legally assess the defendant for losses while repudiating the contract of insurance."]

*Fourth.* ["The Court having found as a fact that the property of the defendant, on which the building insured by the corporation plaintiff was erected and destroyed by fire, was levied on and taken into possession and custody under a proceeding in a court of law, sold by the sheriff, and a deed poll executed and delivered to the purchaser, the said insurance ceased under the policy of insurance No. 1016, at and from the time of such levy, &c., and the corporation plaintiff had no legal right thereafter to levy assessments for losses which occurred afterwards on defendant's premium note."]

*Fifth.* ["That in this action the corporation plaintiff has not the right to retain out of the moneys in its possession for damages sustained by the defendant for losses by fire, under his policy of insurance, No. 1016, any assessment made by the corporation plaintiff on the premium notes of the defendant, under and by virtue of the thirty-fourth section of the by-laws of said corporation, and set forth in paragraph No. 5 aforesaid, and more especially by reason of the fact that no notice of such assessment was given to the defendant, the amount due by the defendant, and the time payment must be made, and so found by the Court as a fact."]

*Sixth.* ["That the attachment issued out of the court of common pleas of Dauphin county, April 27, 1883, of which the defendant had notice before suit, is not a sufficient notice to the defendant of such assessment, required by the fifth paragraph of the thirty-first section of the corporation plaintiff."]

*Seventh.* The question whether James Stackhouse, on his foreign attachment issued out of the court of common pleas of Dauphin county, is entitled to any part of the damages attached as the property of the defendant in the hands of the corporation plaintiff as garnishee, is not now

before the court, said claim of Stackhouse having been adjusted, as stated by counsel on the hearing of this case.

*Eighth.* That the plaintiff is not entitled to recover on the facts found by the court."

Plaintiff's counsel filed nine exceptions to the above findings of law and fact.

February 23, 1884, judgment for defendant.

The plaintiff then took out a writ of error, and assigned as error those portions of the opinion of the Court inclosed between brackets and the entry of judgment for the defendant.

The money having been paid into court as above stated, the insurance company filed a petition claiming "to have distributed to it out of the fund in court the sum of $1,159 12, being the amount of assessments levied upon the premium note of said plaintiff, for losses occurring in said company during the term of defendant's policy, and to which said defendant is entitled by virtue of a lien, under the provisions of the by-laws of said insurance company, being conducted on the mutual plan."

The parties in interest, by writing filed, agreed that the distribution of the fund in court should be made by the court without the intervention of an auditor, and that the testimony taken before the Court in the amicable action should be considered as having been taken also upon the question of distribution.

The Court below was of opinion that the Susquehanna Mutual Fire Insurance Company are not entitled to any part of the fund in court, and awarded the whole fund to John H. Staats.

The plaintiff then appealed, and assigned as error the refusal of the Court to award to plaintiff the sum of $1,159 12 out of the fund in court.

*Henry W. Scott* and *W. S. Kirkpatrick* for plaintiff in error and appellant.

The assured contracted with the knowledge that if his property should be destroyed before the expiration of his policy, his note was subject to assessment for his and other losses until the termination of the period of the contract : May on Insurance, s. 533,555 ; Bangs v. Scidmore, 24 Barb. 29 ; 21 N. Y., 136 ; Ins. Co. v. Melrose Society, 117 Mass., 199 ; Ins. Co. v. Prossee, 11 Iowa, 115 ; Ins. Co. v. Rand, 4 Fost., 428.

Whenever a lien is created by statute or by charter of incorporation, those dealing with the corporation are bound by it : Rogers v. Bank, 12 S. & R., 77 ; Sewall v.

[The Susquehanna Mutual Fire Insurance Company v. Staats.]

Bank, 17 S. & R., 285; Grant v. Bank, 15 S. & R., 140; Dock Co. v. Heron, 2 P. F. Sm., 280. In a mutual insurance company every insured is held to knowledge: Geyer v. Ins. Co., 3 Pitts., 41; Morgan v. Bank, 8 S. & R., 73; 1 Am. & Eng., Corp. Cas. 39, 40. The lien is not lost by parting with the fund under compulsory process to enforce payment: Addison Contr., 1185; Trickett on Liens, s. 756; 2 Kent's Com., 639; Sawyer v. Fisher, 32 Me., 28; Aycinena v. Peries, 6 W. & S., 243.

The attachment issued in Dauphin county, of which the parties had notice before lien was sought to be enforced or amicable action entered, was a sufficient demand. In any event, the want of notice could only be pleaded in abatement: Thornton v. Ins. Co., 7 Casey, 529. The purpose of notice is to give a party the opportunity to pay; but if his conduct is inconsistent with an effort to comply, he is not entitled to further warning: Com'th v. Pittsburgh, 10 Casey, 512; Regina v. Kendall, 1 A. & E. (N. S.), 386; 4 B. & Ad., 530; 10 A. & E., 561; 7 Wait's Act. & Def., 368.

The right to retain the money for assessments is absolute, and notice is necessary.

The doctrine of election or estoppel by reason of defense to policy has no application, because, whether avoided or not, the insured contracted to pay his assessments.

*E. J. Fox & Son* and *Elisha Allis* for defendant in error and appellee.

The attachment, issued more than eighteen months after the expiration of the policy, cannot amount to notice of assessments as required by the by-laws. After the company has denied liability on the ground that the policy had become void, it cannot recover on the premium note for any losses which occurred after the date of forfeiture: Tuckerman v. Bigler, 46 Barb., 375; Rodermund v. Clark, 46 N. Y., 354; Ins. Co. v. Masonheimer, 26 P. F. Sm., 138.

The company elected to avoid the policy *ab initio* and is bound by the election: Patterson v. Swan, 9 S. & R., 16; Cox b. Cox, 2 Casey, 382; Coke, Littleton, 146 a., Thomas' Ed., vol. 1, p. 522.

The plaintiff has admitted this contract to be one and entire: 2 Pars. Contr., s. 519; Friesmuth v. Ins. Co., 10 Cushing, 587; Brown v. Ins. Co., 11 *Id.*, 280; Ass'n v. Williamson, 2 Casey, 196; Gottsman v. Ins. Co., 6 P. F. Sm., 210; Birmingham v. Kirwan, 2 Sch. & L., 449;

Bigelow on Estoppel, 578–588 ; Connihan v. Thompson, 111 Mass., 273 ; Sanger v. Wood, 3 Johns. Ch., 416.

When notice must precede a suit, the suit cannot be equivalent to notice. The want of notice is an insuperable obstacle to the maintenance of the attachment, and to all other process for their recovery. The insured was entitled to notice of the assessment before suit was brought: Buckley v. Ins. Co., 2 Norris, 299 ; Ins. Co. v. Hoff, 2 W. N. C., 41 ; 1 Chitty Pr., 496 ; Com'th v. Beneficial Inst., 2 S. & R., 141 ; Com'th r. German Society, 3 Harris, 251 ; Angell & Ames, Corp., s. 420–423.

By payment into court under the execution, all connection between the fund and the claim for assessments was broken : Bean v. Bolton, 3 Phila., 87–93.

*Res adjudicata*: Himes v. Jacobs, 1 Penna., 152 ; Logan v. Caffrey, 6 Casey, 200 ; City v. West, 7 Wall, 82 ; Miller v. Manice, 6 Hill, 122 ; Young v. Black, 7 Cranch, 567 ; Gordinier's Appeal, 8 Norris, 528 ; Brenner v. Moyer, 2 Out., 274 ; Marsh v. Pier, 4 Rawle, 288.

This appeal has been taken for malice and delay, and we therefore claim damages upon the former judgments, to be taxed as part of the costs of this suit.

October 6, 1884, the opinion of the Court was delivered by GREEN, J.:

We think the absence of notice of assessments to the insured was fatal to the cause of action in this case, and therefore the judgment must be affirmed. The proceeding is adverse. The claim is founded upon a contract, and a recovery by judicial decree must be in accordance with the terms of the obligation sought to be enforced. The premium note is not an absolute obligation, but only an engagement to pay, in such portions and at such times, as the directors may, agreeably to the acts of Assembly and the by-laws, require.

The fifth paragraph of section thirty-one of the by-laws provides that, whenever an assessment is levied, the secretary shall give notice to the policy-holder of the amount due and the time of payment. It is plain, therefore, that there is no liability to pay anything, on the part of the insured, until an assessment has been made and notice has been given him of the amount due and the time when it is to be paid. Nothing of that kind was done in this case, either prior to the attachment or to this suit. As the defendant could not know what amount he was to pay, or at what time, without a notice, the terms of his contract imposed no obligation upon him, and no adverse

[Smith *v.* Savidge.]

legal proceeding could be founded upon such an imperfect engagement. He not only violated no duty, but the duty did not exist until the stipulations upon which it was to arise had been complied with. We cannot regard the attachment as a substitute for the notice. It is only another form of judicial proceeding, which is as much in want of a compliance with the preliminary terms of the obligation as is the present suit. As this difficulty is fatal to a right of action, it is not necessary to consider the other matters arising on this record.

Judgment affirmed.